IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KAMAL K. PATEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-08-1168-D |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, et al.,) | | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

Plaintiff's filed his original complaint in this action in the United States District Court

for the District of Columbia on March 18, 2004.  Subsequently, the action was transferred

to the United States District Court for the Eastern District of Arkansas in May 2004, and the

case was transferred again in May 2007 to the United States District Court for the Eastern

District of North Carolina where counsel was appointed to represent Plaintiff.  On October

30, 2008, the case was transferred a third time to this Court.  On October 31, 2008, United

States District Judge Cauthron referred the action to the undersigned for initial proceedings

and the filing of a report and recommendation consistent with 28 U.S.C. § 636(b)(1)(B).

A review of the record shows that Plaintiff, a federal prisoner who was then appearing

with counsel, filed a Second Amended Complaint on January 28, 2008, seeking

compensatory and equitable relief against the Defendants pursuant to the Federal Tort Claims

Act, 28 U.S.C. §§ 1346, 2671-2680, the Privacy Act, 5 U.S.C. § 552a, and Bivens v. Six

<u>Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388, 397 (1971). (Doc. # 221). On March 27, 2008, all named Defendants filed a Motion to Dismiss or in the alternative Motion for Summary Judgment and brief in support thereof. (Docs. # 224, 225). On April 25, 2008, Plaintiff filed a Motion for Partial Dismissal seeking to voluntarily dismiss without prejudice his claims pursuant to <u>Bivens</u>, <u>supra</u>, against Defendants Regnier, Goforth, Mier, and John Does 1-40. (Doc. # 229).

By Order entered November 7, 2008, Plaintiff's Motion for Extension of Time (Doc. # 227) was granted in part and denied in part, and Plaintiff was given thirty days to respond to Defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment. Additionally, Plaintiff's Motion for Partial Dismissal (Doc. # 229) was granted, and the Plaintiff's cause of action pursuant to <u>Bivens</u>, <u>supra</u>, was dismissed without prejudice (effectively dismissing from the action Defendants Regnier, Goforth, Mier, and John Does 1-40).

By Order entered January 8, 2009, Plaintiff's "Motion for Stay or Order to Compel ...." filed herein on January 5, 2009 (Doc. # 250), was construed as a request for an extension of time to respond to the pending Motion to Dismiss or, in the alternative, Motion for Summary Judgment filed by Defendants on March 27, 2008.  Recognizing that Plaintiff is proceeding *pro se* following the withdrawal, with the undersigned's consent, of his court-appointed counsel on November 12, 2008, Plaintiff's out-of-time request for an extension of time to respond to Defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment was granted and Plaintiff was given until February 9, 2009, to file a response to

2

the pending Motion.  Plaintiff was also advised that in light of the lengthy history of this action no further extensions of time were contemplated.

Despite this advice, Plaintiff has now filed another request for a "stay" of this action because of a pending transfer to another prison.  In this request filed February 9, 2009, Plaintiff states that "[t]oday, my papers and all property were packed up.  I am told I will be transferring to another prison this week.....Would you please stay these proceedings until I am able to arrive at my destination and get the legal papers?" (Doc. # 252).  The request was dated February 3, 2009, and addressed to the Court in the form of a letter.  The one-page request did not contain the required certificate of mailing to opposing parties, and it is therefore procedurally defective. See Fed. R. Civ. P. 5(a); LcvR 5.4(b).  Therefore, Plaintiff's request for a "stay" (Doc. # 252) is ordered STRICKEN FROM THE RECORD.

I. Bivens Claim

Before the undersigned is Defendants' Motion to Dismiss or, alternatively, Motion for Summary Judgment and brief in support thereof filed March 27, 2008. (Docs. # 224, 225).  In this Motion, Defendants seek dismissal of Plaintiff's claims under Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotis, 403 U.S. 388 (1971), set forth in ground two of the Amended Complaint, on the ground that this claim is barred by the applicable two-year statute of limitations for bringing this action.  In their Motion, Defendants also seek dismissal of Plaintiff's claims against the individual Defendants for lack of personal jurisdiction.  Plaintiff's claims against Defendants Regnier, Goforth, Mier, and "John Does" in their official and individual capacities under Bivens were previously dismissed without

3

prejudice.[1]   Accordingly, Defendants' Motion to Dismiss or, alternatively, Motion for Summary Judgment with respect to Plaintiff's Bivens claim against these Defendants should be denied as it is moot.

II. Privacy Act Claim

Defendants seek dismissal of Plaintiff's claims against Defendants United States Department of Justice ("DOJ") and the Bureau of Prisons ("BOP") under the Privacy Act of 1974, set forth in ground three of the Amended Complaint, for failure to state a claim upon which relief may be granted.  Plaintiff alleges in his Amended Complaint that DOJ and BOP had maintained in their records a "falsified and fabricated transfer memorandum containing materially false information."   As a result of the maintenance of this document, Plaintiff contends he was "negligently transferred and denied timely surgical treatment...." Plaintiff's Statement of Facts indicates he is referring to a right distal biceps tendon injury that allegedly occurred on May 15, 2001, while he was in custody at the Federal Transfer Center in Oklahoma City, Oklahoma ("FTC").  He alleges that an official at FTC, Mr. Regnier, falsely stated on the transfer memorandum that Plaintiff "had no medical condition which would obstruct his transfer to a different correctional facility" despite "full knowledge of Plaintiff's injury and need for expedient treatment" and made other false statements.  Plaintiff also

---

[1]Of course, "[t]here is no such animal as a Bivens suit against a public official tortfeasor in his or her official capacity." Simmat v. U. S. Bureau of Prisons, 413 F.3d 1225, 1231 (10th Cir. 2005)(quotation omitted).  Additionally, the Supreme Court has held that federal agencies cannot be sued for damages resulting from an agency's alleged violation of a litigant's constitutional rights. F.D.I.C. v. Meyer, 510 U.S. 471, 486 (1994).

alleges that other FTC officials, Mr. Goforth and Mr. Mier, "medically approved Plaintiff's transfer knowing full well of the necessity for timely surgical repair of Plaintiff's injury." As a result of this falsified document, Plaintiff alleges he was subjected to severe physical and psychological pain and suffering and permanently injured, and he seeks compensatory and punitive damages as well as the removal of the transfer document from his BOP file.

The Privacy Act requires an agency to "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. § 552a(e)(5).  The Privacy Act gives an individual the right to request that an agency amend any record it maintains on the individual. 5 U.S.C. § 552a(d).  However, the BOP has exempted its Inmate Central Record System and all inmate records from the accuracy, access, and civil remedy provisions of the Privacy Act.  5 U.S.C. § 552a(e)(5), § 552a(g); 28 C.F.R. § 16.97(a) and (j).  The BOP has not expressly waived this exemption and relies on the exemption in support of its dispositive motion.  Accordingly, Plaintiff has no cause of action upon which relief may be granted under the Privacy Act, and Defendants BOP and DOJ's Motion to Dismiss this claim should be granted.

III. <u>Federal Tort Claims Act Claim</u>

Plaintiff's remaining claim in his Amended Complaint is brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671-2680.  In this claim, Plaintiff seeks damages of one million dollars from the United States, DOJ, BOP, FTC, the Federal Correctional Institution in Bastrop, Texas ("FCI Bastrop"), the Federal Correctional

5

Institution in Beaumont, Texas ("FCI Beaumont"), and the Federal Correctional Institution in Big Spring, Texas ("FCI Big Spring"). In support of this claim, Plaintiff alleges that the agents, servants, and/or employees of Defendants were negligent in providing Plaintiff with medical care and treatment for his right distal biceps tendon injury that allegedly occurred on May 15, 2001.   Plaintiff admits that he was given pain medications and his arm was placed in a sling following this injury. Amended Complaint, at 7.  However, Plaintiff alleges that he has suffered permanent injury and pain and suffering because Defendants did not follow the proper standard of care and treatment for this injury, which he describes as "prompt surgical repair of the ruptured distal biceps tendon in order to restore total strength to the biceps tendon." Amended Complaint, at 6.

Defendants have moved to dismiss this claim or alternatively for summary judgment. Defendants DOJ, BOP, FTC, FCI Bastrop, FCI Beaumont, and FCI Big Spring move to dismiss the Plaintiff's FTCA claim on the basis that the FTCA does not provide a remedy against federal agencies or institutions. Defendant United States contends that Plaintiff has presented no expert evidence to establish the appropriate standard of care for his alleged injury, and therefore Plaintiff has failed to state a prima facie case of medical malpractice against Defendant United States.

The FTCA effects a limited waiver of the federal government's sovereign immunity for certain negligent acts by federal employees.  28 U.S.C. § 1346(b).  The United States is the only proper Defendant in such an action. 28 U.S.C. § 2679; Oxendine v. Kaplan, 241 F.3d 1272, 1275 n. 4 (10th Cir. 2001).  Thus, the Motion to Dismiss by Defendants DOJ,

BOP, FTC, FCI Bastrop, FCI Beaumont, and FCI Big Spring should be granted, and these
Defendants should be dismissed from the action with prejudice for lack of jurisdiction.

"The FTCA provides that the United States shall be liable under state tort law only
'in the same manner and to the same extent as a private individual under like
circumstances.'" Nationwide Mut. Ins. Co. v. United States, 3 F.3d 1392, 1396 (10th Cir.
1993)(quoting 28 U.S.C. § 2674). "State substantive law [of the state in which the allegedly
tortious act or omission occurred] applies to suits brought against the United States under the
FTCA." Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1117 (10th Cir. 2004). See 28
U.S.C. § 1346(b)(1). Plaintiff alleges medical malpractice that occurred in Oklahoma and
Texas BOP institutions. Thus, the Court must apply Oklahoma and Texas substantive law
to resolve the Defendant United States' motion. In Oklahoma, "to establish a claim based
on negligence, the plaintiff must establish (a) the existence of a duty owed by defendant to
plaintiff; (b) that the defendant failed to perform that duty; and (c) that the defendant's failure
caused the plaintiff injury." Woolard v. JLG Indus., Inc., 210 F.3d 1158, 1168 (10th Cir.
2000). Additionally, "in all but the extraordinary medical malpractice case, the plaintiff has
the burden of producing expert testimony to support a prima facie case of negligence. If the
origin of the injury is subjective or obscure and not readily apparent to a layman, or if there
are several equally probable causes of the condition, testimony of a qualified physician is
essential to establish a reasonable probability the physician's negligence caused the injury."
Roberson v. Jeffrey M. Waltner, M.D., Inc., 108 P.3d 567, 569 (Okla. Civ. App. 2005). "A
plaintiff in a Texas medical malpractice action must prove four elements to establish liability:

(1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) actual injury to the plaintiff, and (4) proof that the breach was a proximate cause of the injury." Hollis v. United States, 323 F.3d 330, 336 (5th Cir. 2003)(internal quotations, ellipsis, and brackets omitted). In Texas, as in Oklahoma, expert testimony is required in medical malpractice cases. See Amer. Transitional Care Centers of Texas, Inc. v. Palacios, 46 S.W.3d 873, 876 (Tex. 2001)(noting "long recognized" rule of necessity of expert testimony in medical malpractice cases in Texas). See also Hollis, 323 F.3d at 336 ("Texas tort law places the burden of proof on the plaintiff to establish by expert testimony that the act or omission of the defendant physician fell below the appropriate standard of care and was negligent.")(internal quotation omitted).

Plaintiff was advised of his obligations in responding to Defendant United States' dispositive motion under Fed. R. Civ. P. 12(b)(6) and 56. Thus, the motion is construed as one for summary judgment. Summary judgment may be granted only where the pleadings and documentary materials "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the court reviews the evidence and inferences drawn from the record in the light most favorable to the nonmoving party. Jiron v. City of Lakewood, 392 F.3d 410, 414 (10th Cir. 2004). A dispute is "genuine" if a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material facts" are "facts which might affect the outcome of the suit under the governing law." Id. Additionally, if the moving party demonstrates an absence of

evidence regarding an issue on which the nonmoving party will bear the burden of proof at trial, the nonmoving party can defeat summary judgment only by designating with evidence outside of the pleadings "specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).[2]

In this case, Plaintiff has not provided the requisite expert opinion or medical testimony to support his FTCA claim of medical malpractice.   Plaintiff asserts in his Amended Complaint that expert testimony is not required because

> "[t]he physical characteristics of Plaintiff's injury were so obvious that even a layman could recognize the clear need for a doctor's immediate attention.   Plaintiff's right arm was significantly bruised and discolored.   The arm could not be extended and remained in a bent state as the biceps muscle remained contracted.   Plaintiff experienced significant pain and discomfort due to the ruptured distal biceps tendon.

Amended Complaint, at 6.   Plaintiff also alleges that "his brother, a physician" advised him of the urgent need for surgery to repair the injury and that a "delay [in correcting the injury through surgery] could result in permanent, irreparable injury," all of which information he passed on to FTC physician Dr. Goforth and FTC physician's assistant Mr. Mier and to FTC Unit Manager Mr. Regnier at FTC. Amended Complaint, at 7-9. Plaintiff contends that he was then transferred to FCI Bastrop. Amended Complaint, at 7-8. Plaintiff contends that as a result of this negligent care and the failure to provide him the surgical treatment needed to

---

[2]In a prisoner civil rights case such as this one, the plaintiff's complaint is treated as an affidavit if it allege facts based on the plaintiff's personal knowledge and has been sworn under penalty of perjury. Hall, 935 F.2d at 1111.

repair his ruptured distal biceps tendon, he has suffered "a permanently deformed biceps muscle, permanent weakness in his right arm, loss of proper functioning of the arm, and ... physical, mental and emotion [sic] anguish from these permanent harms." Amended Complaint, at 9.

Although this case has been pending in multiple courts for nearly five years, Plaintiff has not provided any expert opinion or medical testimony sufficient to create a material issue of fact for trial with respect to his FTCA claim of medical malpractice. Assuming the truth of Plaintiff's assertion in his Amended Complaint that his right arm was bruised and discolored and his right arm muscles were contracted following his injury on May 15, 2001, there is no evidence that an urgent need for surgery to repair a ruptured biceps tendon would have been obvious to a layman. Thus, expert medical testimony is required in this case to establish the standard of care.

In Oklahoma, "[i]n a medical malpractice action, evidence of medical standard in the community may be established by testimony of the defendant physician." Roberson, 108 P.3d at 569. Relying, in part, on Texas civil procedural rules, the Fifth Circuit Court of Appeals has held that "[w]hen state law requires a plaintiff to prove negligence by expert testimony, summary judgment can be granted where the defendant presents expert affidavits and the plaintiff presents no such affidavits." Rodriguez v. Pacificare of Texas, Inc., 980 F.2d 1014, 1020 (5th Cir.), cert. denied, 508 U.S. 956 (1993).

With this precedent in mind, the undersigned has considered the copious record of medical treatment of Plaintiff submitted by the Defendants in this matter, including the

medical records filed under seal in the United States District Court for the Eastern District of North Carolina at the direction of the Court and transferred to this Court under seal by the Clerk of the Court. (Doc. # 241). These treatment records reflect that Plaintiff received ongoing medical treatment for a variety of physical and mental conditions at FTC in Oklahoma City and in Texas after he was transferred from FTC to FCI Bastrop and, later, to FCI Beaumont and FCI Big Spring.

In support of its motion, Defendant United States has submitted the affidavit of Dr. Earl Peeples, dated March 7, 2007, in which Dr. Peeples summarized Plaintiff's prison medical record and averred that Plaintiff's medical "examinations indicate full strength, function and range of motion of the right upper extremity without impairment [as described] in the report of Dr. Gregory in 2005. [Plaintiff] has been treated appropriately without surgical intervention for his .... right biceps tendon rupture.  It is noted that he has fully functional right upper extremity that has been evaluated as being unimpaired.  Since the exam is normal, criticism as to lack of treatment is moot .... The outcome is excellent.  The situation did not require surgical intervention as proven by the outstanding final function. The dangers and expense of surgery were avoided and a good outcome was achieved....  It is my opinion that his criticism of care regarding his right biceps abnormality and his cervical spine abnormality are unfounded." Affidavit of Earl Peeples, M.D., filed under seal (Doc. # 241)(identified on the sealed folder as Ex. 20 to Doc. # 115 in Case No. 4:04CV771, United States District Court for the Eastern District of Arkansas).

Plaintiff's BOP medical record contains an office note dated July 13, 2001, in which

the medical examiner at FCI Bastrop noted Plaintiff's right arm exhibited no visual deformity and full range of motion.  Plaintiff's BOP medical record contains another office note dated April 1, 2002, completed by Dr. H. Osoro in which the physician notes Plaintiff's right arm exhibited a small one centimeter bruise and was not tender, and that Plaintiff exhibited full range of motion in the elbow, shoulder, and wrist, and normal grip strength. (Doc. #241)(Exhibits filed under seal, identified as Exhibit 8 - medical records under seal (1 of 3)). Also, Plaintiff's BOP medical record contains the report of a physical examination of Plaintiff conducted in November 2004 by an orthopedic specialist in Memphis, Tennessee. This physician reported that Plaintiff exhibited full range of motion and full motor and sensory function of the right upper extremity. (Doc. # 241)(Exhibits filed under seal, identified on the sealed folder as exhibits to memorandum in support of motion to dismiss, or in the alternative, for summary judgment, Case No. 4:04CV00771, United States District Court for the Eastern District of Arkansas).

Plaintiff has not controverted the medical opinion or the BOP medical record submitted by Defendants.  Although there has been more than adequate time for discovery in this matter, there is no medical opinion or evidence in the record showing that the medical treatment Plaintiff received at BOP institutions for his biceps tendon injury or that a delay in treating Plaintiff's biceps tendon injury was below the standard of care.  The uncontroverted evidence shows that, to the contrary, the medical treatment that Plaintiff received for his ruptured biceps tendon in his right arm was well within acceptable medical standards of care.  There is also no medical opinion or evidence in the record showing that

a lack of surgical treatment provided to Plaintiff at FTC or other BOP institutions for his ruptured biceps tendon resulted in any substantial injury to Plaintiff.   Plaintiff has not presented evidence creating a genuine issue for trial with respect to Plaintiff's FTCA medical malpractice claim.   Defendant United States' Motion for Summary Judgment should, therefore, be granted.

### RECOMMENDATION

Based on the foregoing findings, it is recommended that Defendants' Motion to Dismiss or, alternatively, Motion for Summary Judgment with respect to Plaintiff's <u>Bivens</u> claim be DENIED as moot; Defendants BOP and DOJ's Motion to Dismiss Plaintiff's Privacy Act claim be GRANTED; and as to Plaintiff's Federal Tort Claims Act claim, Defendants DOJ, BOP, FTC, FCI Bastrop, FCI Beaumont and FCI Big Spring's Motion to Dismiss be GRANTED and Defendant United States' Motion for Summary Judgment be GRANTED.   The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by _____March 11th_____, 2009, in accordance with 28 U.S.C. § 636 and LCvR 72.1.   The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991); <u>cf. Marshall v. Chater</u>, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed

herein is denied.

ENTERED this __19th__ day of ___February___, 2009.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE